UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Docket no.:04-00045-01T |
| | ) | |
| Plaintiff, | ) | NOTICE OF MOTION; MOTION FOR |
| | ) | REDUCTION OF SENTENCE |
| | ) | PURSUANT TO 18 U.S.C. & 3582 (c) (2); |
| v. | ) | MEMORANDUM OF POINTS AND |
| JOSE RIVERA | ) | AUTHORITIES |
| A/K/A JUAN PELLERANO | ) | |
| Defendant | ) | Hearing Date: |
| | ) | Hearing Time: |
| | ) | |

MOTION

Defendant, JOSE RIVERA A/K/A JUAN PELLERANO, through his counsel of record, Emili Vaziri, Esq. hereby moves his Honorable Court for a reduction in the sentence imposed in this case on September 17, 2004. This motion is made pursuant to 18 U.S.C § 3582 (c) (2) and is based upon the attached memorandum of points and authorities, all files and records in this case, and such further argument and evidence as may be presented at the hearing on this motion.

Respectfully submitted,

Dated: March 7th, 2008

Emili Vaziri, Esq.
RI Bar #4952
WG Grande & E. Vaziri Law, Inc.
160 Plainfield Street
Providence, RI 02909
401-944-6430 tel.
401-944-4161 fax
evaziri@aol.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) Docket no.:04-00045-01T |
| v. | ) NOTICE OF MOTION; MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. & 3582 (c) (2); MEMORANDUM OF POINTS AND AUTHORITIES |
| JOSE RIVERA A/K/A JUAN PELLERANO Defendant | ) Hearing Date: |
| | ) Hearing Time: |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**
**INTRODUCTION**

On September 17, 2004, JUAN RIVERA was sentenced for Possession with Intent to Distribute in Excess of 50 grams Cocaine Base in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(A)(iii), to serve 108 months of imprisonment and five years of supervised release. The sentence was imposed under the sentencing guidelines with a base offense level computed under §2D1.1 of the guidelines for a crack cocaine quantity of 758.24 grams. That base offense level under the guidelines in effect at the time was level 36. Combined with other guidelines factors, it produced a total offense level of 31 and a guideline range of imprisonment of 108 to 135 months. The sentenced imposed by the Court was 108 months, which was the low end of the guideline.

Subsequent to JOSE RIVERA's sentencing on November 1, 2007 an amendment to §2D1.1 of the guidelines took effect, which, generally, reduces base offense levels for most quantities of crack cocaine by two levels and, specifically, reduces the base offense level for the 758.24 gram quantity of crack cocaine in this case by two levels, to level 34,

see U.S.S.G. §2D1.1. This amendment was adopted in response to studies which raise grave doubts about the fairness and rationale of the 100-to-1 crack/powder ration incorporated into the sentencing guidelines. *See generally* United States Sentencing Commission, Report to Congress: *Cocaine and Federal Sentencing Policy* (May 2007) (hereinafter "2007 Sentencing Commission Report"); United States Sentencing Commission, *Report to Congress*: *Cocaine and Federal Sentencing Policy* (May 2002); United States Sentencing Commission, *Special Report to Congress*: *Cocaine and Federal Sentencing Policy* (April 1997); United States Sentencing Commission, *Special Report to Congress: Cocaine and Federal Sentencing Policy* (Feb. 1995). *See also Kimbrough v. United States,* 128 S. Ct. 558, 568-69 (2007) (discussing history of crack cocaine guideline and various Sentencing commission reports). Yet the amendment is only a partial response, as the Sentencing Commission itself recognized. The commission explained:

> The Commission, however, views the amendment only as a partial remedy to some of the problems associated with the 100-to-1 drug quantity ratio. It is neither a permanent nor a complete solution to these problems. Any comprehensive solution requires appropriate legislative action by congress. It is the Commission's firm desire that this report will facilitate prompt congressional action addressing the 100-to-1 drug ratio.

2007 Sentencing Commission Report, *supra,* at 10.

Subsequently to the effective date of this amendment to §2D1.1, the Sentencing commission considered whether to make the amendment retroactive under the authority created by 18 U.S.C. § 3582 (c)(2). It took that action on December 11, 2007, by including this amendment in the list of retroactive amendments in § 1B1.10 of the guidelines. *See* 73 Fed. Reg. 217-01 (2008). Based on this retroactivity, the statutory authority underlying it, and the Supreme Court's intervening decisions in *United States v.*

*Booker,* 543 U.S. 220 (2005); *Rita v. United States,* 127 S. Ct. 2456 (2007) *Gall v. United States,* 128 S. Ct. 586 (2007); and *Kimbrough v. United States, supra,* JOSE RIVERA brings this motion to reduce his sentence.

## II.
## ARGUMENT

### A. JOSE RIVERA'S OFFENSE LEVEL SHOULD BE REDUCED FROM LEVEL 31 TO 29, AND THE GUIDELINE RANGE REDUCED FROM 108 TO 135 TO 87 TO 108 BASED ON THE AMENDMENT TO § 2d1.1.

18 U.S.C. § 3582(c)(2) provides as follows:

> (I)n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing commission pursuant to 28 U. S. C. 994(o), upon motion of the defendant.... The court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10 is the guidelines policy statement which implements 18 U.S.C. § 3582(c)(2). Subsection (c) of that policy statement lists amendments that are covered by the policy statement. And one of the amendments which is listed is amendment 711 to the guidelines. That is the amendment which reduced the base. This amendment is not listed in November 1, 2007 guidelines Manual because the Sentencing Commission vote making it retroactive was on December 11, 2007. *See* United States Sentencing Commission News Release dated December 11, offense level for crack cocaine offenses. *See* U.S.S.G., App. C, 711.

Application of this amendment to the crack cocaine guideline in the present case results in a decrease of the base offense level from 36 to 34, decrease in the

total offense level from 31 to 29 and decrease in the resulting guideline range from 108 to 135 months to 87 to 108 months. The Defendant previously received a 3 level adjustment for acceptance of responsibility and a 2 level adjustment for the "safety valve".

### B. THE COURT SHOULD REDUCE JOSE RIVERA'S SENTENCE 21 MONTHS

Based on the amendment to §2D1.1, the court should significantly reduce Jose Rivera's sentence. It follows from the discussion in the preceding section that the amendment alone justifies a reduction of 21 months.

## III
## CONCLUSION

The Court should adjust Jose Rivera's sentencing guideline range downward to 87 to 108 months.

Respectfully submitted,

Dated: March 7, 2008

Emili Vaziri, Esq.
RI Bar #4952
WG Grande & E. Vaziri Law, Inc.
160 Plainfield Street
Providence, RI 02909
401-944-6430 tel.
401-944-4161 fax
evaziri@aol.com

CERTIFICATION

I hereby certify that a true copy of the within Motion and Memorandum of Points and Authorities was mailed on this 7th day of March, to:

Office of US Attorney
Stephen Dambruch, AUSA
Fleet Center
50 Kennedy Plaza, 8th floor
Providence, RI 02903